**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAYMOND HUME, | No. 17-35912 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-01766-SB |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Stacie F. Beckerman, Magistrate Judge, Presiding

Submitted August 26, 2019[**]

Before: FARRIS, TROTT, and SILVERMAN, Circuit Judges.

Raymond Hume appeals the district court's affirmance of the Commissioner

of Social Security's denial of his application for disability insurance benefits and

supplemental security income under Titles II and XVI of the Social Security Act

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(Act). We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we reverse and remand for further proceedings.

The ALJ provided a specific and legitimate reason for assigning little weight to treating psychologist Dr. Born's opinion as to the degree of limitation caused by Hume's mental health impairments. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citation and internal quotation marks omitted). Substantial evidence supports the ALJ's finding that Dr. Born's opinion was inconsistent with the normal mental status findings reported by other doctors. Because the ALJ provided a specific and legitimate reason for assigning little weight to Dr. Born's opinion, any error in the ALJ's additional reasoning was harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

Substantial evidence does not support the ALJ's step-four finding that Hume is capable of performing his past work as a surveillance system monitor as actually performed. *See Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001) ("Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion."). Hume's testimony indicates that his past work as actually performed includes functional demands that exceed the limitations in his RFC to "simple tasks, routine and repetitive tasks" and "only occasional interaction with coworkers and the public." Because the ALJ

2                                                                  17-35912

did not discount this testimony or make any findings as to how Hume's past work was actually performed, substantial evidence does not support the ALJ's step-four finding. *See id.* at 847 (by failing to make specific findings as to the actual demands of past work, the ALJ provided no basis on which to review the agency decision). We remand for the ALJ to reconsider the step-four conclusion and, if necessary, proceed to step five.

**REVERSED and REMANDED**.

17-35912